UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ORLANDO CROCKETT, | ) | |
| | ) | |
| Subpoenas to | ) | Misc. No. 08-454 (RBW) |
| Arthur Elkins, | ) | |
| federal employee, | ) | (On removal from the Superior Court |
| Court Services and | ) | of the District of Columbia; |
| Offender Supervision Agency, | ) | Case No. 2008 CF2 2368) |
| 633 Indiana Ave., N.W. | ) | |
| Washington, D.C. 20004 | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MOTION TO QUASH SUBPOENAS
AND TO DISMISS**

The United States of America ("Petitioner), by and through its attorney, the United States Attorney for the District of Columbia, moves this Court for an order quashing the attached subpoenas directed to Arthur Elkins, General Counsel, Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA"). In support of this motion, respondent respectfully refers the Court to the accompanying memorandum of points and authorities and exhibit. A proposed Order is attached.

Respectfully submitted,


\_\_/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


\_\_/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


\_\_/s/_____
CHARLOTTE A. ABEL, D.C. Bar #388582
Assistant United States Attorney
555 Fourth Street, N.W., Rm 10-409
Washington, D.C.  20530
(202) 307-2332

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, )<br>)<br>      Petitioner, )<br>)<br>v. )<br>)<br>ORLANDO CROCKETT, )<br>)<br>Subpoenas to )<br>Arthur Elkins, )<br>federal employee, )<br>Court Services and )<br>Offender Supervision Agency, )<br>633 Indiana Ave., N.W. )<br>Washington, D.C. 20004 )<br>)<br>      Respondent. )<br>_____) | Misc. No. 08-454 (RBW)<br><br>(On removal from the Superior Court<br>of the District of Columbia;<br>Case No. 2008 CF2 2368) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO QUASH AND TO DISMISS**

**A.  BACKGROUND**

This matter originates in criminal litigation in the D.C. Superior Court. The defendant in that litigation, Orlando Crockett ("Respondent"), issued two Superior Court subpoenas to the Court Services and Offender Supervision Agency (CSOSA), directed to its General Counsel, Arthur Elkins, seeking records regarding drug test results of two non-parties, Jimmy Pinkney and Tamura Lewise Young.  Neither CSOSA, nor its employee, Arthur Elkins, are a party to that litigation.  The July 7, 2008 subpoenas sought to compel Mr. Elkins to appear in D.C. Superior Court on July 10 at 9:30 a.m. to testify and to produce records of drug tests on two non-parties. On July 9, the CSOSA removed the subpoena matters to federal district court.  Subsequently, the

1

underlying criminal case in the Superior Court was continued until October 21, 2008, and Mr. Crockett has obtained new counsel. No effort has been made to enforce the subpoenas.

### B. DISCUSSION

**1. Respondent has not complied with the <u>Touhy</u> regulations.**

As a federal executive branch agency, CSOSA has issued regulations that inform the public of the procedures that it follows in response to demands for testimony or documents in matters in which CSOSA is not a party. In <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951), the United States Supreme Court recognized the authority of an agency regulation that required agency approval prior to the production of government information by any employee. Relying on that case, federal executive branch agencies now routinely publish <u>Touhy</u> regulations that set forth their procedures for responding to demands for testimony or documents.

The <u>Touhy</u> regulations, which appear at 28 C.F.R. § 802.24 et seq. and are attached as Exhibit 1, require CSOSA's General Counsel to approve all demands for documents or testimony in order to ensure compliance with the Privacy Act, other disclosure statutes (e.g., 42 C.F.R. Part 2, drug and alcohol treatment records; D.C. Official Code §§ 7-1201.01 et seq., D.C. Mental Health Information Act; and D.C. Official Code §§ 7-302 and 7-1605, HIV/AIDS/cancer confidentiality), and other applicable laws and regulations. Such approval must be provided prior to disclosure of any information sought by subpoena or other demand for the appearance of any person who is or was formerly an agency employee, or for the production of documents.

The purposes underlying the regulations are set forth in 28 C.F.R. 802.27 and include "conserv[ing] the time of the agency for conducting official business" and "protect[ing]

confidential, sensitive information and the deliberative processes of the agency." In general, the regulations are meant to ensure that disclosure of agency information is done in compliance with applicable law and that agency personnel and resources are used wisely and in an efficient manner. In the District of Columbia, the failure to secure approval under the Touhy regulations may act as a bar to enforcement of a state court subpoena. See Houston Business Journal, Inc. v. Office of the Comptroller of the Currency, 86 F.3d 1208, 1211-12 & n. 4 (D.C. Cir. 1996) (in state tribunal, federal government shielded by sovereign immunity, preventing state court from enforcing a subpoena; only a federal court may entertain review of agency's decision to disallow testimony, generally limited to an abuse of discretion standard).

Thus, when the Agency is served with a subpoena, the reviewing office must gather the necessary information, coordinate with affected interests, and review applicable statutes and case law in order to make a determination on whether the agency should comply with the demand and, if so, under what conditions and circumstances. In this instance, CSOSA would be unable to comply with the demands given consideration of all the relevant factors listed under 28 C.F.R. § 802.27(d), unless Mr. Crockett or his counsel obtained the express written consents of Ms. Tamura Lewise Young (PDID 502-413) and Mr. Jimmy Pinkney (PDID 608-204) that is required for the release of the information he seeks. In short, until such time as CSOSA receives a completed release from Ms. Young and Mr.Pinkney, it or Mr. Elkins will be unable to produce any records protected by any of the statutes in question.

**2. The Court lacks jurisdiction to enforce the subpoenas.**

The Court of Appeals has held that state court subpoenas are without effect against a third-party federal agency, and the state court is without jurisdiction to enforce any such

subpoena.  "In state court the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena."  Houston Bus. Journal v. Office of the Comptroller of the Currency, 86 F.3d 1208, 1211 (D.C. Cir. 1996).  Thus, the Superior Court lacks jurisdiction to issue an order to enforce the subpoenas attached in Exhibit 2.

Moreover, this court lacks jurisdiction to enforce the subpoenas after removal.  "[B]ecause a federal court's jurisdiction upon removal is derivative of the state court's, the federal court in a removed action is also barred from enforcing a subpoena against the federal government."  Houston Bus. Journal, 86 F.3d at 1212.

**3. The records sought by respondent are protected from disclosure under the Privacy Act.**

Furthermore, the records are otherwise protected from disclosure under the Privacy Act [the PA].  See 5 U.S.C. § 552a(a)(1).  The PA provides, in pertinent part, that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person . . . except pursuant to a written request by, or with the prior consent of, the individual to whom the record pertains, unless disclosure of the record" falls within certain enumerated circumstances.  5 U.S.C. § 552a(b).  The PA defines a "system of records" as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual."  5 U.S.C. §552a(a)(5).  CSOSA maintains the type of information sought by defendant in a system that it accesses by individuals' names and/or identifying numbers assigned to them.  Accordingly, to the extent the information respondent seeks exists, it is contained in a system of records as that term is defined by the PA, and it, therefore, would fall within the scope of the PA, which precludes its disclosure.

**CONCLUSION**

Accordingly, the Superior Court subpoenas are without effect and should be quashed; and the limitations on the Superior Court's jurisdiction having equal effect on this court upon removal, this court should dismiss this action for lack of subject matter jurisdiction.

A proposed Order is attached.

Respectfully submitted,


____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


____/s/_____
CHARLOTTE A. ABEL, D.C. Bar #388582
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-2332

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 16, 2008, I caused a true and correct copy of the foregoing Petitioner's Motion to Quash the Underlying Subpoena; and to Dismiss, supporting memorandum, and proposed Order to be served by first class mail, postage prepaid, on:

> John A. Briley, Jr.
> Attorney at Law
> 6205 30th Street, N.W.
> Washington, D.C. 20015

  /s/
CHARLOTTE A. ABEL
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ORLANDO CROCKETT )<br>)<br>Subpoenas to )<br>Arthur Elkins, )<br>federal employee, )<br>Court Services and )<br>Offender Supervision Agency, )<br>633 Indiana Ave., N.W. )<br>Washington, D.C. 20004 )<br>)<br>    Defendant. )<br>                                        ) | Misc. No. 08-454 (RBW)<br><br>(On removal from the Superior Court<br>of the District of Columbia;<br>Case No. 2008 CF2 2368) |

**ORDER**

    UPON CONSIDERATION of the Motion of the United States to Quash the Underlying Subpoenas, and to Dismiss, it is by the Court hereby

    ORDERED that the subpoenas issued by Orlando Crockett to the Court Services and Offender Supervision Agency, through its employee, Arthur Elkins, be QUASHED; and it is

    FURTHER ORDERED that this action is DISMISSED for lack of subject matter jurisdiction.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

Dated: _____, 2008

**Court Services and Offender Supervision Agency** § 802.25

(3) Disclosures of your record made with your written consent.

(b) The accounting will include:

(1) The date, nature, and purpose of the disclosure; and

(2) The name and address of the person or entity to whom the disclosure is made.

(c) You may request access to an accounting of disclosures of your record. Your request should be in accordance with the procedures in § 802.14. You will be granted access to an accounting of the disclosures of your record in accordance with the procedures of this part which govern access to the related record, excepting disclosures made for an authorized civil or criminal law enforcement agency as provided by subsection (c)(3) of the Privacy Act. You will be required to provide reasonable identification.

### § 802.21 Appeals.

You may appeal a denial of a request for an accounting to the Office of the General Counsel in the same manner as a denial of a request for access to records (See § 802.16) and the same procedures will be followed.

### § 802.22 Fees.

The Agency shall charge fees under the Privacy Act for duplication of records only. These fees shall be at the same rate the Agency charges for duplication fees under the Freedom of Information Act (See § 802.10(i)(1)).

### § 802.23 Use and disclosure of social security numbers.

(a) *In general.* An individual shall not be denied any right, benefit, or privilege provided by law because of such individual's refusal to disclose his or her social security number.

(b) *Exceptions.* The provisions of paragraph (a) of this section do not apply with respect to:

(1) Any disclosure which is required by Federal statute, or

(2) The disclosure of a social security number to any Federal, State, or local agency maintaining a system of records in existence and operating before January 1, 1975, if such disclosure was required under statute or regulation adopted prior to such date to verify the identity of an individual.

(c) *Requests for disclosure of social security number.* If the Agency requests an individual to disclose his or her social security account number, we shall inform that individual whether:

(1) Disclosure is mandatory or voluntary.

(2) By what statutory or other authority such number is solicited, and

(3) What uses will be made of it.

### Subpart D—Subpoenas or Other Legal Demands for Testimony or the Production or Disclosure of Records or Other Information

### § 802.24 Purpose and scope.

(a) These regulations state the procedures which the Court Services and Offender Supervision Agency ("CSOSA" or "Agency") and the District of Columbia Pretrial Services Agency ("PSA" or "Agency") follow in response to a demand from a Federal, state, or local administrative body for the production and disclosure of material in connection with a proceeding to which the Agency is not a party.

(b) These regulations do not apply to congressional requests. Neither do these regulations apply in the case of an employee making an appearance solely in his or her private capacity in judicial or administrative proceedings that do not relate to the Agency (such as cases arising out of traffic accidents, domestic relations, etc.).

(c) This part is not intended and does not create and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by a party against the United States or specifically CSOSA or PSA.

### § 802.25 Definitions.

*Demand* means a request, order, or subpoena for testimony or documents to use in a legal proceeding.

*Employee* includes a person employed in any capacity by CSOSA or PSA, currently or in the past; any person appointed by, or subject to the supervision, jurisdiction, or control of the head of the Agency, or any Agency official, currently or in the past. A person who is subject to the Agency's jurisdiction or control includes any person

741

**§ 802.26**    28 CFR Ch. VIII (7-1-06 Edition)

who hired as a contractor by the agency, any person performing services for the agency under an agreement, and any consultant, contractor, or subcontractor of such person. A former employee is also considered an employee only when the matter about which the person would testify is one in which he or she was personally involved while at the Agency, or where the matter concerns official information that the employee acquired while working at the Agency, such as sensitive or confidential agency information.

*Legal Proceeding* includes any pretrial, trial, and post-trial state of any existing or reasonably anticipated judicial or administrative action, hearing, investigation, or similar proceeding before a court, commission, board, agency, or other tribunal, authority or entity, foreign or domestic. Legal proceeding also includes any deposition or other pretrial proceeding, including a formal or informal request for testimony made by an attorney or other person, or a request for documents gathered or drafted by an employee.

**§ 802.26 Receipt of demand.**

If, in connection with a proceeding to which the Agency is not a party, an employee receives a demand from a court or other authority for material contained in the Agency's files, any information relating to material contained in the Agency's files, or any information or material acquired by an employee as a part of the performance of that person's official duties or because of that person's official status, the employee must:

(a) Immediately notify the Office of the General Counsel and forward the demand to the General Counsel if the demand pertains to CSOSA; or

(b) Immediately notify the Deputy Director of PSA and forward the demand to the Deputy Director if the demand pertains to PSA.

**§ 802.27 Compliance/noncompliance.**

The General Counsel is responsible for determining if CSOSA should comply or not comply with the demand, and the Deputy Director of PSA is responsible for determining if PSA should comply with the demand.

(a) An employee may not produce any documents, or provide testimony regarding any information relating to, or based upon Agency documents, or disclose any information or produce materials acquired as part of the performance of that employee's official duties, or because of that employee's official status without prior authorization from the General Counsel or Deputy Director. The reasons for this policy are as follows:

(1) To conserve the time of the agency for conducting official business;

(2) To minimize the possibility of involving the agency in controversial issues that are not related to the agency's mission;

(3) To prevent the possibility that the public will misconstrue variances between personal opinions of agency employees and agency policies;

(4) To avoid spending the time and money of the United States for private purposes;

(5) To preserve the integrity of the administrative process; and

(6) To protect confidential, sensitive information and the deliberative process of the agency.

(b) An attorney from the Office of the General Counsel shall appear with any CSOSA employee upon whom the demand has been made (and with any PSA employee if so requested by the Deputy Director), and shall provide the court or other authority with a copy of the regulations contained in this part. The attorney shall also inform the court or authority that the demand has been or is being referred for prompt consideration by the General Counsel or Deputy Director. The court or other authority will be requested respectfully to stay the demand pending receipt of the requested instructions from the General Counsel or Deputy Director.

(c) If the court or other authority declines to stay the effect of the demand pending receipt of instructions from the General Counsel or Deputy Director, or if the court or other authority rules that the demand must be complied with irrespective of the instructions from the General Counsel or Deputy Director not to produce the material or disclose the information sought, the employee upon whom the demand

**Court Services and Offender Supervision Agency** §802.28

was made shall respectfully decline to produce the information under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). In this case, the Supreme Court held that a government employee could not be held in contempt for following an agency regulation requiring agency approval before producing government information in response to a court order.

(d) To achieve the purposes noted in paragraphs (a)(1) through (6) of this section, the agency will consider factors such as the following in determining whether a demand should be complied with:

(1) The Privacy Act, 5 U.S.C. 522a;

(2) Department of Health and Human Services statute and regulations concerning drug and alcohol treatment programs found at 42 U.S.C. 290dd and 42 CFR 2.1 *et seq.*;

(3) The Victims Rights Act, 42 U.S.C. 10606(b);

(4) D.C. statutes and regulations;

(5) Any other state or federal statute or regulation;

(6) Whether disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose;

(7) Whether disclosure is appropriate under the relevant substantive law concerning privilege;

(8) Whether disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection; and

(9) Whether disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired.

## Subpart E—Exemption of Records Systems Under the Privacy Act

**§ 802.28 Exemption of the Court Services and Offender Supervision Agency System—limited access.**

The Privacy Act permits specific systems of records to be exempt from some of its requirements.

(a)(1) The following systems of records are exempt from 5 U.S.C. 552a(c)(3) and (4), (d), (e)(1)–(3), (4)(G)–(I), (5) and (8), (f) and (g):

(i) Background Investigation (CSOSA-2).

(ii) Supervision Offender Case File (CSOSA-9).

(iii) Pre-Sentence Investigations (CSOSA-10).

(iv) Supervision & Management Automated Record Tracking (SMART) (CSOSA-11).

(v) Recidivism Tracking Database (CSOSA-12).

(vi) [Reserved].

(vii) Substance Abuse Treatment Database (CSOSA-15).

(viii) Screener (CSOSA-16).

(ix) Sex Offender Registry (CSOSA-18).

(2) Exemptions from the particular subsections are justified for the following reasons:

(i) From subsection (c)(3) because offenders will not be permitted to gain access or to contest contents of these record systems under the provisions of subsection (d) of 5 U.S.C. 552a. Revealing disclosure accountings can compromise legitimate law enforcement activities and CSOSA responsibilities.

(ii) From subsection (c)(4) because exemption from provisions of subsection (d) will make notification of formal disputes inapplicable.

(iii) From subsection (d), (e)(4)(G) through (e)(4)(I), (f) and (g) because exemption from this subsection is essential to protect internal processes by which CSOSA personnel are able to formulate decisions and policies with regard to offenders, to prevent disclosure of information to offenders that would jeopardize legitimate correctional interests of rehabilitation, and to permit receipt of relevant information from other federal agencies, state and local law enforcement agencies, and federal and state probation and judicial offices.

(iv) From subsection (e)(1) because primary collection of information directly from offenders about criminal history or criminal records is highly impractical and inappropriate.

(A) It is not possible in all instances to determine relevancy or necessity of specific information in the early stages of a criminal or other investigation.